UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID C. FORNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>DARLA J. HITNER, et al.,<br><br>    Defendants. | CASE NO. C13-2176JLR<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

## I.   INTRODUCTION

Before the court is Plaintiff David C. Forney's complaint. (Compl. (Dkt. # 4).) Mr. Forney is proceeding pro se and *in forma pauperis* ("IFP"). (*See* 12/11/13 Order (Dkt. # 3).) Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The

ORDER- 1

court has reviewed the complaint in this case and has determined that it is frivolous. Accordingly, the court DISMISSES Mr. Forney's complaint with leave to amend and STRIKES all pending motions (Dkt. ## 5-9).

## II.   BACKGROUND

Mr. Forney filed a motion to proceed IFP and a proposed complaint on December 5, 2013.  (*See* IFP Mot. (Dkt. # 1).)  Six days later, Magistrate Judge Mary Alice Theiler granted Mr. Forney's IFP motion.  (11/12/13 Order.)  Mr. Forney filed his complaint the next day, and immediately filed five motions for various forms of relief, including a "Motion to freeze all assets," a "motion for judgment," and a "motion for damages," among others.  (*See* Dkt. ## 5-9.)

In his complaint, Mr. Forney alleges that his ex-wife and former in-laws (and their new spouses) are engaged in a vast conspiracy against him. (*See generally* Compl.)  He alleges that "MOST OF THE DEFENDANTS OR THEIR SPOUSES, IN THIS CASE, ENTERED INTO A CRIMINAL CONSPIRACY, TOGETHER.  COMMITTING ACTIONS WHICH CAUSED THE LOSS WORTH OVER $500,000.00 TO THE PLAINTIFF, DAVID C. FORNEY, IN THIS CASE."  (*Id.* at 5.)  Principally, Mr. Forney alleges that he was denied money due to be paid to him by his former father-in-law as a result of a series of dark events that occurred in the 1980's and 1990's. (*Id.* 7-18.)  These events include an alleged rape in 1984, an alleged murder of an active duty U.S. Sailor shortly thereafter, and an attempt to poison Mr. Forney in 1990. (*See id.*)  Mr. Forney alleges that "THERE WAS A SUBSTANTIAL AMOUNT OF FINANCIAL LOSS; IN

THE UNDERHANDED WAY, CRIMINAL CONSPIRACY WAY . . ." and requests $500,000.00 in damages. (*Id.* at 13, 21.)

### III. ANALYSIS

The court concludes that Mr. Forney's complaint fails to state a claim upon which relief may be granted and DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e).

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

None of Mr. Forney's pleadings demonstrate that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Mr. Forney brings a claim under 42 U.S.C. § 1983, but he alleges no action by any government entity. (*See* Compl.) Purely private conduct is not actionable under § 1983, "no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Next, Mr. Forney brings a claim under 18 U.S.C. § 371, but this is a criminal statute and is not a proper basis for civil liability. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir. 1979) (private litigants may not sue for redress under 18 U.S.C. § 371); *Laupot v. Berley*, 865 F.2d 255 (4th Cir. 1988) (per curiam)

(same); *Milburn v. Blackfrica Promotions, Inc.*, 392 F. Supp. 434, 435 (D.C.N.Y. 1974) (same).  Last, Mr. Forney brings a claim under 42 U.S.C. § 1981, but he fails to allege facts that would give rise to an inference of purposeful discrimination on the basis of race, a prerequisite for liability under § 1981.  *See Moore v. Fed. Nat'l Mortg. Ass'n*, No. C11–1342RSL, 2012 WL 424583, at *3 (W.D. Wash. Feb. 9, 2012) (citing *Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982) ("§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination")).

   Accordingly, the court DISMISSES Mr. Forney's complaint with leave to amend.  Leave to amend is mandatory for pro se plaintiffs unless it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Accordingly, the court grants Mr. Forney 20 days to file an amended complaint that satisfies the foregoing pleading standard and corrects the identified deficiencies.  If Mr. Forney fails to timely comply with this order or fails to file an amended complaint that corrects the noted deficiencies and meets the required pleading standards, the court will dismiss Mr. Forney's complaint with prejudice.  Mr. Forney is directed to refrain from filing any new motions until the court has an opportunity to review his amended complaint.

//

//

//

//

//

ORDER- 4

## IV. CONCLUSION

Mr. Forney's complaint is DISMISSED without prejudice and Mr. Forney is granted 20 days to amend his complaint as discussed above. The court STRIKES all pending motions in this case (Dkt. ## 5-9).

Dated this 12th day of December, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 5