UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID C. FORNEY,

    Plaintiff,

v.

DARLA J. HITNER, et al.,

    Defendants.

CASE NO. C13-2176JLR

ORDER DISMISSING CASE AND REVOKING IFP STATUS ON APPEAL

## I. INTRODUCTION

Before the court is Plaintiff David C. Forney's amended complaint. (Am. Compl. (Dkt. # 13).) Mr. Forney is proceeding pro se and *in forma pauperis* ("IFP"). (*See* 12/11/13 Order (Dkt. # 3).) Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

Cir. 2000). The court previously reviewed the complaint in this case and determined that it was frivolous. (*See* 12/12/13 Order (Dkt. # 10).) Mr. Forney then filed an amended complaint. (Am. Compl.) The Amended Complaint adds virtually no new factual allegations and does nothing to change the fact that the complaint is frivolous. Indeed, it appears to the court that further amendment of the complaint would be futile because Mr. Forney's allegations, even liberally construed, do not support the claims he asserts. Accordingly, the court DISMISSES Mr. Forney's amended complaint WITH PREJUDICE and revokes IFP status in the event that he appeals.

## II. BACKGROUND

Mr. Forney filed a motion to proceed IFP and a proposed complaint on December 5, 2013. (*See* IFP Mot. (Dkt. # 1).) Six days later, Magistrate Judge Mary Alice Theiler granted Mr. Forney's IFP motion. (11/12/13 Order.) Mr. Forney filed his complaint the next day, and immediately filed five motions for various forms of relief, including a "Motion to freeze all assets," a "motion for judgment," and a "motion for damages," among others. (*See* Dkt. ## 5-9.)

In his original complaint, Mr. Forney alleged that his ex-wife and former in-laws (and their new spouses) are engaged in a vast conspiracy against him. (*See generally* Compl. (Dkt. # 4).) He alleged that "MOST OF THE DEFENDANTS OR THEIR SPOUSES, IN THIS CASE, ENTERED INTO A CRIMINAL CONSPIRACY, TOGETHER. COMMITTING ACTIONS WHICH CAUSED THE LOSS WORTH OVER $500,000.00 TO THE PLAINTIFF, DAVID C. FORNEY, IN THIS CASE." (*Id.* at 5.) Principally, Mr. Forney alleged that he was denied money due to be paid to him by

his former father-in-law as a result of a series of dark events that occurred in the 1980's and 1990's. (*Id.* 7-18.) These events include an alleged rape in 1984, an alleged murder of an active duty U.S. Sailor shortly thereafter, and an attempt to poison Mr. Forney in 1990. (*See id.*) Mr. Forney alleged that "THERE WAS A SUBSTANTIAL AMOUNT OF FINANCIAL LOSS; IN THE UNDERHANDED WAY, CRIMINAL CONSPIRACY WAY . . ." and requested $500,000.00 in damages. (*Id.* at 13, 21.)

After the court dismissed Mr. Forney's complaint pursuant to 28 U.S.C. § 1915(e), Mr. Forney filed an amended complaint. The factual allegations in the new complaint are virtually unchanged. (*Compare* Am. Compl. *with* Compl.) Mr. Forney alleges the same family conspiracy and the same claims based upon that conspiracy. (*Id.*) Mr. Forney's new complaint is different only in that it raises his damages demand to $8,000,000.00 (Am. Compl. at 2), alleges that he found a picture of a lynch mob scene in his son's car (*id.* at 15), and alleges that he has "been under federal surveillance for years," and "that it was due to dreams & visions from my lord and savior Jesus Christ" (*id.*). In terms of authority, Mr. Forney does nothing to address the reasons the court previously dismissed his complaint. (*See* Am. Compl.) Instead, he provides several quotations from the Bible, including admonitions that "THALL SHALT NOT FOLLOW A MULTITUDE TO DO EVIL" and "NOW THOU ART CURSED FROM THE EARTH, WHICH HATH

OPENED HER MOUTH TO RECEIVE THY BROTHERS BLOOD FROM THY HAND."[1] (*Id.* at 18.)

### III. ANALYSIS

The court concludes that Mr. Forney's amended complaint still fails to state a claim upon which relief may be granted and DISMISSES the amended complaint pursuant to 28 U.S.C. § 1915(e).

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Just as before, none of Mr. Forney's pleadings demonstrate that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Mr. Forney brings a claim under 42 U.S.C. § 1983, but he alleges no action by any government entity. (*See* Compl.) Purely private conduct is not actionable under § 1983, "no matter how discriminatory or wrongful." *Am. Mfrs.*

---

[1] Mr. Forney qualifies these citations by stating that "these five Bible verses are listed for informational reasons only & are not intended to justify or seek any relief in this case unless the court should see fit to do so." (Am. Compl. at 18.)

ORDER- 4

*Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Next, Mr. Forney brings a claim under 18 U.S.C. § 371, but this is a criminal statute and is not a proper basis for civil liability. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir. 1979) (private litigants may not sue for redress under 18 U.S.C. § 371); *Laupot v. Berley*, 865 F.2d 255 (4th Cir. 1988) (per curiam) (same); *Milburn v. Blackfrica Promotions, Inc.*, 392 F. Supp. 434, 435 (D.C.N.Y. 1974) (same). Last, Mr. Forney brings a claim under 42 U.S.C. § 1981, but he fails to allege facts that would give rise to an inference of purposeful discrimination on the basis of race, a prerequisite for liability under § 1981. *See Moore v. Fed. Nat'l Mortg. Ass'n*, No. C11–1342RSL, 2012 WL 424583, at *3 (W.D. Wash. Feb. 9, 2012) (citing *Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982) ("§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination.")).

Accordingly, the court DISMISSES Mr. Forney's complaint without leave to amend. Leave to amend is mandatory for pro se plaintiffs unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). This standard is met here. The court previously warned Mr. Forney that if he failed "to file an amended complaint that corrects the noted deficiencies and meets the required pleading standards, the court w[ould] dismiss Mr. Forney's complaint with prejudice." (12/12/13 Order at 4.) Mr. Forney has not corrected any of the deficiencies identified in the court's prior order. Accordingly, the court DISMISSES his complaint WITH PREJUDICE and without leave to amend. In addition, in the event that Mr. Forney appeals, the court revokes his IFP status on appeal. An appeal may not be taken IFP if the trial court certifies in writing that it is not taken in good faith. 28

U.S.C. § 1915(a)(3). The language "not taken in good faith" has been interpreted to include frivolous appeals, so it is appropriate to revoke IFP status on appeal if the district court finds the appeal to be frivolous. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). The court already determined that Mr. Forney's original complaint was frivolous, and makes the same finding now with respect to his amended complaint. Any appeal from this dismissal would not be taken in good faith.

### IV. CONCLUSION

Mr. Forney's complaint is DISMISSED with prejudice. The court STRIKES all pending motions in this case (Dkt. # 17) and REVOKES Mr. Forney's IFP status in the event that he decides to appeal.

Dated this 15th day of January, 2014.

JAMES L. ROBART
United States District Judge